## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

MALCOM WESLEY BECKETT,

                  Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.

                  Defendant.

CASE NO.: 7:24cv00033

### DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Toyota Motor Sales, U.S.A., Inc. ("TMS") hereby responds to Plaintiff's Complaint as follows:

### JURISDICTION

1.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 1 and therefore, denies the allegations excepts admits that TMS is a California corporation with its principal place of business located in Plano, Texas.

2.      TMS states that the matters asserted in Paragraph 2 represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies the allegations.

### VENUE

3.      TMS states that the matters asserted in Paragraph 3 represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies the allegations.

## **FACTS**

4.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 4 of the Complaint and therefore, denies the allegations except admits only that TMS' New Vehicle Limited Warranty accompanied the vehicle at delivery, the terms of which are set forth in writing therein.

5.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 5 of the Complaint and therefore, denies the allegations.

6.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 6 of the Complaint and therefore, denies the allegations.

7.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 7 of the Complaint and therefore, denies the allegations.

8.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 8 of the Complaint and therefore, denies the allegations.

9.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 9 of the Complaint and therefore, denies the allegations.

10.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 10 of the Complaint and therefore, denies the allegations.

11.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 11 of the Complaint and therefore, denies the allegations.

12.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 12 of the Complaint and therefore, denies the allegations.

13.      TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 13 of the Complaint and therefore, denies the allegations.

<u>**COUNT ONE**</u>
<u>**VIOLATION OF THE VIRGINIA MOTOR VEHICLE**</u>
<u>**WARRANTY ENFORCEMENT ACT**</u>
*Virginia Code §59.1-207.9 Et Seq.*

14.     In response to Paragraph 14, TMS incorporates by reference its previous answers to Paragraphs 1-13 of the Complaint as though same were set forth herein at length.

15.     The allegations contained in Paragraph 15 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies those allegations.

16.     The allegations contained in Paragraph 16 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies those allegations.

17.     The allegations contained in Paragraph 17 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies those allegations.

18.     The allegations contained in Paragraph 18 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies those allegations.

19.     The allegations contained in Paragraph 19 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies those allegations.

20.     The allegations contained in Paragraph 20 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies those allegations.

21.     TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 21 of the Complaint and therefore, denies the allegations.

**COUNT TWO**
**VIOLATION OF THE MAGNUSON-MOSS ACT**
**15  U.S. CODE § 2301**

22.     In response to Paragraph 22, TMS incorporates by reference its previous answers to Paragraphs 1-13 of the Complaint as though same were set forth herein at length.

23.     The allegations contained in Paragraph 23 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies those allegations.

24.     The allegations contained in Paragraph 24 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies the allegations except admits only that TMS' New Vehicle Limited Warranty accompanied the vehicle at delivery, the terms of which are set forth in writing therein.

25.     The allegations contained in Paragraph 25 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial.  However, to the extent a response is required, TMS denies the allegations except admits only that TMS' New Vehicle Limited Warranty accompanied the vehicle at delivery, the terms of which are set forth in writing therein.

26.     TMS denies the allegations contained in Paragraph 26 of the Complaint.

27.     TMS denies the allegations contained in Paragraph 27 of the Complaint.

28.     TMS is without sufficient knowledge or information to form a belief as to the truth of the facts alleged in Paragraph 28 of the Complaint and therefore, denies the allegations.

**AFFIRMATIVE DEFENSES**

TMS reserves the right to amend its Answer and Defenses to assert all provable defenses up to and through the time of trial, but at this time is investigating the claims raised.  TMS may rely on all properly provable defenses.

1.      TMS has not breached the written limited warranty if the alleged defects are not covered by the written limited warranty.

2.      There has been no breach of the written limited warranty because the subject vehicle's alleged defects have been corrected.

3.      The alleged nonconformities do not significantly impair the use, market value, or safety of the subject vehicle.

4.      The alleged nonconformities were repaired within a reasonable number of attempts.

5.      To the extent the problems complained of were the result of misuse, abuse, accident, neglect, failure to follow recommendations for vehicle operation in the owner's manual, modifications, improper maintenance, or normal wear and tear, the problems are not covered by the written limited warranty and TMS is not responsible for the damages alleged by Plaintiff and may not be held liable for same.

6.      The written limited warranty applicable to the subject vehicle disclaims and excludes liability for incidental and consequential damages.

7.      To the extent that Plaintiff failed to use reasonable care to mitigate any alleged damages by taking reasonable measures to prevent and/or minimize the losses being claimed as damages in the instant matter, Plaintiff's claim for damages in this case is barred or diminished.

8.     In the event that Plaintiff is entitled to a refund, TMS is entitled to a reasonable setoff for Plaintiff's beneficial use and resulting depreciation of the subject vehicle.

9.     Plaintiff's claims under the Magnuson-Moss Warranty Act fail as Plaintiff failed to afford TMS with sufficient notice and a reasonable opportunity to cure any alleged breach of warranty prior to commencing this action.

10.    Plaintiff failed to provide TMS with a final repair opportunity as required by Virginia's Motor Vehicle Enforcement Act.

11.    Plaintiff's claims under the Magnuson-Moss Warranty Act and Virginia's Motor Vehicle Enforcement Act fail as TMS has offered to repurchased the vehicle that is the subject of this action.

12.    TMS cured any breach of warranty under the Magnuson-Moss Warranty Act and complied with any obligations, to the extent any exist, to provide remedies under the Virginia Motor Vehicle Warranty Enforcement Act when it offered to repurchase the vehicle.

13.    Plaintiff failed to exhaust the available nonbinding dispute resolution mechanisms outlined in the warranties which accompanied the vehicle at the time of delivery before commencing this action and therefore, Plaintiff's claims are barred.

### **JURY DEMAND**

A trial by jury in the within action is hereby demanded on all issues.

WHEREFORE, TMS, respectfully requests this Court to enter judgment in its favor.

Dated: February 2, 2024
      Albany, New York

                                      /s/ Mark W. Skanes
                                      MARK W. SKANES, ESQ
                                      VSB No. 86953
                                      Email: mskanes@rosewaldorf.com
                                      ROSEWALDORF PLLC
                                      501 New Karner Road
                                      Albany, New York 12205
                                      518.869.9200

                                      *Counsel for Defendant TMS*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that Defendant TMS' Answer and Defenses to Plaintiff's Complaint was filed this date, February 2, 2024, through the Court's CM/ECF system and that notice will be sent electronically pursuant to the automatically generated Notice of Electronic Filing to all attorneys who have appeared in this case and that all non-registered for the CM/ECF system will be served by mail.

/s/ Mark W. Skanes
MARK W. SKANES, ESQ
VSB No. 86953
Email: mskanes@rosewaldorf.com
ROSEWALDORF PLLC
501 New Karner Road
Albany, New York 12205
518.869.9200

*Counsel for Defendant TMS*

8